IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHAREE L. ANDERSON-TAYLOR, | § § § § | |
| Plaintiff, | § | No. 3:23-cv-00136-X (BT) |
| v. | § § | |
| FEDERAL GOVERNMENT-FEDS, | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Charee L. Anderson-Taylor initiated this *pro se* civil action by filing a complaint and a motion for leave to proceed *in forma pauperis* on January 18, 2023. The Court granted Anderson-Taylor leave to proceed *in forma pauperis*, but withheld issuance of process pending judicial screening. Ord. ([ECF No. 7](#)). For the reasons stated, the Court should dismiss this civil action under [28 U.S.C. § 1915(e)(2)(B)](#).

**Background**

Anderson-Taylor brought this civil rights action against the "FEDS," and she explains that the "FEDS" refers to the "Federal Government." Am. Compl. 1; *see also* Compl. 1. Anderson-Taylor makes numerous fanciful claims against the Federal Government, such as an allegation that on November 27, the Federal Government "changed an ebay purchase to [her]

1

Paypal account . . . to further make [her] think it was [her] previous job." Am. Compl. 2.

## Legal Standards

Under 28 U.S.C. § 1915(e), a district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous when "it lacks an arguable basis in law or fact." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A court can dismiss a claim as "factually frivolous only if the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)); *see also Caldwell v. Raines*, 2022 WL 2209932, at *2 (N.D. Tex. June 21, 2022). A complaint lacks an arguable basis in the law when it relies on an "indisputably meritless legal theory." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999); *see also Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993) (a claim is frivolous if it lacks an arguable basis in law or in fact).

The Court liberally construes Anderson-Taylor's pleadings with all deference due a *pro se* litigant. See *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent

standards than formal pleadings drafted by lawyers."); Cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice"). But even under this liberal standard, Anderson-Taylor's case is frivolous and should be dismissed.

## Analysis

Anderson-Taylor's amended complaint, the operative complaint,[1] is comprised entirely of fantastic allegations. For example, Anderson-Taylor alleges that on October 28, 2022, the "FEDS hacked [her] phone, hijacked [her] icloud id, locked [her] out if [sic] all of [her] account [sic]. Am. Compl. 2. Anderson-Taylor further alleges that on November 1, 2022, the Federal Government "hacked [her] again making [her] think it was [her] job when [she] called off from work caus[ing] [her] to resign." *Id.* Anderson-Taylor claims that on December 20, 2022, she "was fired from McKesson because of all of this." *Id.* Anderson-Taylor concludes that all the Federal Government has put her through has led to her and her six-year-old daughter ending up at a Studio 6 Motel. *Id.* As relief, Anderson-Taylor wants the eviction caused by the Federal Government to be "removed from [her] record." *Id.* at 5. In addition, Anderson-Taylor seeks $10 Million in

---

[1] "An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (citing *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985)).

monetary damages for pain and suffering. Anderson-Taylor also seeks an "apology because [she] did not deserve this." *Id.* In sum, Anderson-Taylor's civil action is frivolous, and the Court should dismiss her case under § 1915(e)(2)(B).

## Conclusion

The Court should DISMISS Anderson-Taylor's civil action under 28 U.S.C. § 1915(e)(2)(B) as frivolous.

**SO RECOMMENDED**.

March 2, 2023.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).